## Case No. 7,778.

### KIMBRO v. COLGATE et al.

[5 Blatchf. 229.] [1]

Circuit Court, S. D. New York. Nov. 23, 1864.

CONTRACT MADE IN VIOLATION OF LAW — MONEY PAID UNDER—RECOVERY—RULE AT COMMON LAW —REPEAL OF STATUTE GIVING RIGHT — ACT OF CONGRESS REGULATING PRIVATE CONTRACTS.

1. The proviso to the 173d section of the act of June 30, 1864 (13 Stat. 303), does not save a suit commenced, prior to the passage of that act, under the 4th and 5th sections of the act of March 3, 1863 (12 Stat. 719, 720), to recover back money paid in violation of the last named two sections, those sections being repealed by the act of 1864.

[Cited in Osborn v. Nicholson, Case No. 10,595.]

2. Money paid under a contract made in violation of law, cannot, at common law, be recovered back; and, where a statute gives the right to recover it back, by suit, a pending suit and the cause of action involved in it fall with the repeal of the statute.

[Cited in Osborn v. Nicholson, Case No. 10,595; Buckner v. Street, Id. 2,098.]

3. Whether an act of congress which undertakes to regulate private contracts between individuals in a state is constitutional, quere.

This was a demurrer to a declaration. The declaration averred, that, on the 26th of October, 1863, the defendants [James B. Colgate and Charles B. Hoffman] contracted with the plaintiff [Rolly P. S. Kimbro] to sell him gold or silver bullion, and to buy from him gold or silver bullion; that the contract was, by its terms, not to be performed till after three days from the making of it; that it was not in writing and not stamped, as required by the internal revenue act of July 1, 1862 (12 Stat. 432), and was made in violation of sections 4 and 5 of the act amending that act, passed March 3, 1863 (Id. 719, 720); that, under the contract, the plaintiff paid to the defendants, on various days, $22,537.36; and that, by virtue of the said 4th and 5th sections of the act of March 3, 1863, there accrued to the plaintiff a right of action to recover back the sums paid by him under the contract, which the defendants refused to pay.

Nathaniel J. Wyeth, for plaintiff.
Francis F. Marbury, for defendants.

NELSON, Circuit Justice. It is conceded that the contract set out in the declaration is within the condemnation of the 4th sec-

[1] [Reported by Hon. Samuel Blatchford. District Judge, and here reprinted by permission.]

tion of the act of March 3, 1863. The 5th section of that act provides, that all contracts, &c., of gold and silver coin, &c., not made in accordance with the 4th section, shall be wholly void; and, in addition to the penalties provided in the act, &c., any party to said contract may at any time, within one year from the date of the contract, bring suit to recover back, for his own benefit, the money paid on such contract.

The defence set up, in bar of the suit, is the repeal of these 4th and 5th sections, by the 173d section of an act of congress, passed June 20, 1864 (13 Stat. 303). The only question in the case is, whether or not the suit is saved by a proviso in this 173d section. The proviso, in substance, is, that all provisions of the act repealed shall be in force for levying and collecting taxes, &c., and for maintaining and continuing liens, fines, penalties and forfeitures incurred under the said act, and for carrying out and completing all proceedings which have been already commenced, or that may be commenced, to enforce such fines, penalties and forfeitures, or criminal proceedings, under said act, &c. The argument in favor of the application of this saving clause to the present suit is, that it is a proceeding to recover a sum of money in the nature of a penalty or forfeiture, and, hence, within the clause. I cannot, however, so regard it. The cause of action, as stated in the declaration, is predicated upon a right to recover a sum of money paid by the plaintiff to the defendants; and, for aught that I see, indebitatus assumpsit, for money paid, would have been an appropriate remedy, as the special count to which the defendants have demurred. This saving clause has reference to an entirely different class of actions and causes of action, which abound in all these internal revenue acts, and relates specially to fines, penalties, forfeitures, and criminal proceedings which are provided for the enforcement of the duties imposed by the act of 1863. It is to be observed, that the repeal is not limited to the two sections in question, but applies to many provisions of the act, which was a general act to raise revenue for the government.

As the money was paid under a contract made in violation of law, there is no ground for the recovery of it back, upon the principles of the common law; and, as the statute which gave the remedy has been repealed, the cause of action and the suit, must, upon established principles, fall with the repeal.

The constitutionality of these sections of the act of congress, as undertaking to regulate private contracts between individuals in the state, has been discussed; but, as the case is disposed of independently of this question, it is not important to examine it. I mention this, for the purpose of saying, that I do not mean, by thus disposing of the case, to leave any implication of an opinion in favor of their constitutionality.